**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION**

LORETTA HARRIS,

               Plaintiff,

     v.

MARTIN O'MALLEY, Commissioner of
Social Security,

               Defendant.

CIVIL ACTION NO.: 6:22-cv-86

## REPORT AND RECOMMENDATION

Plaintiff contests the decision of Administrative Law Judge Robert Martin ("the ALJ" or "ALJ Martin") denying her claim for Period of Disability, Disability Insurance Benefits, and Supplemental Security Income.  Plaintiff urges the Court to reverse the ALJ's decision.  Doc. 9 at 11.  Defendant argues the Commissioner's decision should be affirmed.  Doc. 10 at 13.  I **RECOMMEND** the Court **AFFIRM** the ALJ's decision.  I also **RECOMMEND** the Court **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal.

## BACKGROUND

Plaintiff filed an application for Period of Disability, Disability Insurance Benefits, and Supplemental Security Income on December 13, 2019.  R. 11.[1]  On October 20, 2021, ALJ Martin held a hearing, at which Plaintiff, who was represented by counsel, appeared and testified via telephone.  Id.  Rochelle Renee Evans, a vocational expert, also appeared at the hearing.  Id.

---

[1]     A transcript of the entire proceedings before the Social Security Administration appears at Document Number 6.  The transcript includes paginated Record cites.  Docs. 6-1 to 6-10.  The undersigned refers to the transcript using these same Record cites.

ALJ Martin denied Plaintiff's claims after the hearing in a decision issued on November 26, 2021.  R. 11–27.  The Appeals Counsel denied Plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner.  R. 1.

Plaintiff, born on December 24, 1983, was 34 years old at the time of the alleged onset date and 37 years old at the time of the ALJ's decision in 2021.  R. 79.  She has a high school diploma and completed Job Training Unlimited in 2002.  R. 332, 422.  Plaintiff's past relevant experience was her work as a cashier, dish washer, and line leader.  R. 333.

**DISCUSSION**

## I.    The ALJ's Findings

Title II of the Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. § 423(d)(1)(A).  The Act qualifies the definition of disability as follows:

> An individual shall be determined to be under a disability only if [her] physical or mental impairment or impairments are of such severity that [s]he is not only unable to do [her] previous work but cannot, considering [her] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy[.]

42 U.S.C. § 423(d)(2)(A).  Pursuant to the Act, the Commissioner has established a five-step process to determine whether a person meets the definition of disability.  20 C.F.R. §§ 404.1520, 416.920; Bowen v. Yuckert, 482 U.S. 137, 140 (1987).

The first step determines if the claimant is engaged in "substantial gainful activity."  Id. If the claimant is engaged in substantial gainful activity, then benefits are immediately denied. Id.  If the claimant is not engaged in such activity, then the second inquiry is whether the

claimant has a medically severe impairment or combination of impairments. <u>Id.</u> at 140–41.  If the claimant's impairment or combination of impairments is severe, then the evaluation proceeds to step three.  The third step requires a determination of whether the claimant's impairment meets or equals one of the impairments listed in the Code of Federal Regulations and acknowledged by the Commissioner as sufficiently severe to preclude substantial gainful activity.  20 C.F.R. §§ 404.1520(d), 416.920(d); 20 C.F.R. Pt. 404, Subpt. P. App. 1; <u>Phillips v. Barnhart</u>, 357 F.3d 1232, 1238 (11th Cir. 2004).  If the impairment meets or equals one of the listed impairments, the plaintiff is presumed disabled.  <u>Yuckert</u>, 482 U.S. at 141.

If the impairment does not meet or equal one of the listed impairments, the sequential evaluation proceeds to the fourth step to determine if the impairment precludes the claimant from performing past relevant work, i.e., whether the claimant has the residual functional capacity to perform her past relevant work.  <u>Id.</u>; <u>Stone v. Comm'r of Soc. Sec.</u>, 503 F. App'x 692, 693 (11th Cir. 2013).  A claimant's residual functional capacity "is an assessment . . . of the claimant's remaining ability to do work despite [her] impairments."  <u>Id.</u> at 693–94 (ellipsis in original) (quoting <u>Lewis v. Callahan</u>, 125 F.3d 1436, 1440 (11th Cir. 1997)).  If the claimant is unable to perform her past relevant work, the final step of the evaluation process determines whether she can adjust other work in the national economy, considering her age, education, and work experience.  <u>Phillips</u>, 357 F.3d at 1239.  Disability benefits will be awarded only if the claimant is unable to perform other work.  <u>Yuckert</u>, 482 U.S. at 142.

Here, the ALJ followed this sequential process to determine Plaintiff did not engage in substantial gainful activity since her alleged onset date, November 12, 2018.  R. 14.  At step two, ALJ Martin determined Plaintiff had the following severe impairments: vascular insult to the brain; loss of visual acuity; obesity; cardiac dysrhythmias; depression; and anxiety.  <u>Id.</u>  The ALJ

also determined Plaintiff had a non-severe medical impairment with her diagnosis of migraines and Post-Traumatic Stress Disorder ("PTSD").  Id.  At the third step, the ALJ determined Plaintiff's impairment or combination of impairments did not meet the severity of a listed impairment.  Id.  The ALJ found Plaintiff has the residual functional capacity ("RFC") to perform sedentary work with the following exceptions: she can occasionally climb ramps and stairs, but should never climb ladders, ropes, or scaffolds; she can occasionally stop crouch, kneel, crawl and balance; she should avoid concentrated exposure to work around hazardous machinery, moving parts, and work at unprotected heights; she should not drive an automobile or operate heavy machinery for work purposes; and she should avoid concentrated exposure to wetness, humidity, dust, odors, fumes, pulmonary irritants, and areas of poor ventilation.  R. 17. At the next step, the ALJ determined Plaintiff could not perform her past relevant work.  R. 25. The ALJ concluded at the fifth and final step Plaintiff could perform jobs, such as an order clerk, addressor, and call out operator, all of which exist in significant numbers in the national economy.  R. 26–27.

## II.   Issues Presented

Plaintiff asserts the ALJ erred because the ALJ failed to: (1) issue a subpoena for medical records from Summit Cancer Care resulting in a failure to develop the record; and (2) admit and consider Plaintiff's medical record evidence from Summit Cancer Care.

## III.   Standard of Review

It is well established judicial review of social security cases is limited to questions of whether the Commissioner's factual findings are supported by "substantial evidence" and whether the Commissioner has applied appropriate legal standards.  Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991); Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990).  A

reviewing court does not "decide facts anew, reweigh the evidence or substitute" its judgment for that of the Commissioner.  Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005).  Even if the evidence preponderates against the Commissioner's factual findings, the court must affirm a decision supported by substantial evidence.  Id.

However, substantial evidence must do more than create a suspicion of the existence of the fact to be proved.  The evidence relied upon must be relevant evidence which a reasonable mind would find adequate to support a conclusion.  Ingram v. Comm'r of Soc. Sec. Admin., 496 F. 3d 1253, 1260 (11th Cir. 2007).  The substantial evidence standard requires more than a scintilla but less than a preponderance of evidence.  Dyer, 395 F.3d at 1210.  In its review, the court must also determine whether the ALJ or Commissioner applied appropriate legal standards. Failure to delineate and apply the appropriate standards mandates the findings be vacated and remanded for clarification.  Cornelius, 936 F.2d at 1146.

The deference accorded the Commissioner's findings of fact does not extend to his conclusions of law, which enjoy no presumption of validity.  Brown v. Sullivan, 921 F.2d 1233, 1236 (11th Cir. 1991) (holding judicial review of the Commissioner's legal conclusions are not subject to the substantial evidence standard).  If the Commissioner fails either to apply correct legal standards or to provide the reviewing court with the means to determine whether correct legal standards were in fact applied, the court must reverse the decision.  Wiggins v. Schweiker, 679 F.2d 1387, 1389 (11th Cir. 1982), overruling by statute on other grounds recognized by Lane v. Astrue, No. 8:11-CV-345-T-27, 2012 WL 292637, at *4 (M.D. Fla. Jan. 12, 2012).

## IV.    The ALJ Did Not Err by Failing to Issue a Subpoena for Medical Records

Plaintiff argues ALJ Martin erred by failing to issue a subpoena for medical records, resulting in a failure to develop the medical record.  Doc. 9 at 5.  The Commissioner responds

the ALJ did not err because he was not required to further develop the record or issue a subpoena. Doc. 10 at 7. Furthermore, the Commissioner argues, Plaintiff's counsel stated the records were not necessary for the case and Plaintiff has not shown unfairness or clear prejudice. Id. at 8.

"Even though Social Security courts are inquisitorial, not adversarial, in nature, claimants must establish that they are eligible for benefits." Ingram v. Comm'r of Soc. Sec. Admin., 496 F.3d 1253, 1269 (11th Cir. 2007). The ALJ has a basic duty to develop a full and fair record. Graham v. Apfel, 129 F.3d 1420, 1422 (11th Cir. 1997). There must be a showing the ALJ's failure to develop the record led to evidentiary gaps in the record, resulting in unfairness or clear prejudice, before the remand is required for further development. Id. at 1423 (citing Brown v. Shalala, 44 F.3d 931, 934–35 (11th Cir. 1995)). At a minimum, clear prejudice "requires a showing that the ALJ did not have all of the relevant evidence before him in the record . . . or that the ALJ did not consider all of the evidence in the record in reaching his decision." Kelly v. Heckler, 761 F.2d 1538, 1540 (11th Cir. 1985). "In determining whether it is necessary to remand a case for development of the record, [a court should] consider[] 'whether the record reveals evidentiary gaps which result in unfairness or clear prejudice.'" Salazar v. Comm'r of Soc. Sec., 372 F. App'x 64, 67 (11th Cir. 2010) (quoting Brown, 44 F.3d at 935).

Here, on October 1, 2021, before Plaintiff's hearing, Plaintiff's counsel wrote to the ALJ notifying him he had been trying to obtain records from four providers: Summit Cancer Care, Southeastern Cardiovascular, Dr. Hamilton Emokpae, and Dr. Iris Clark. R. 420–21. The letter did not include any information about the significance of any of these records or how they would bear on Plaintiff's disability claim. The letter only provided dates when the records were requested and any follow-up attempts. In the letter, Plaintiff's counsel asked the ALJ to allow

him to "continue to try to obtain the records, with the Court waiting until the hearing to subpoena the records if they are not forthcoming."  R. 420.  Further, Plaintiff's counsel stated if the records were not obtained, counsel "would suggest to the Court that a letter go forward from the Court prior to the issuance of any subpoena."  Plaintiff's counsel did not ask the ALJ to subpoena the records prior to the hearing and counsel did not provide any information showing a subpoena was necessary.

The following exchange between the ALJ and Plaintiff's counsel occurred at the outset of the October 20, 2021 hearing:

> ALJ:        Okay.  And do we have any outstanding medical records?
>
> ATTY:       Okay.  Let me doublecheck, Judge.  There are -- may be an additional record from Summit Cancer Care.  I think I may be able to resolve that through the testimony, but that would be the only thing, Judge.  Other than that, the record is up-to-date.
>
> ALJ:        Okay.  And do you think those are necessary for the case?
>
> ATTY:       I don't, Judge.  I think we have enough, but  --
>
> ALJ:        Okay.
>
> ATTY:       -- I do report to the Court as required that there is at least one outstanding record.
>
> ALJ:        All right.  So for sake of the hearing, I'll assume the record is complete then.

R. 36–37.  At no point during the hearing did Plaintiff's counsel ask the ALJ to issue a subpoena for any medical records.

The Commissioner argues 20 C.F.R. § 404.950(d)(1) states an ALJ "may" issue a subpoena for evidence and, therefore, an ALJ has discretion to issue a subpoena.  The Commissioner argues ALJ Martin did not err by exercising his discretion to not subpoena Plaintiff's additional medical records.  Doc. 10 at 7–8.

Plaintiff does not show ALJ Martin erred by not issuing a subpoena for the Summit Cancer Care records. Plaintiff's October 1, 2021 letter and Plaintiff's counsel's statements at the hearing did not provide the ALJ with the necessary information to issue a subpoena. According to 20 C.F.R. § 404.950(d)(2), a subpoena request must "state the important facts that the document is expected to prove or indicate why these facts could not be proven without issuing a subpoena." Plaintiff's October 1, 2021 letter did not describe any facts the Summit Cancer Care records would prove. The letter only stated the dates when Plaintiff previously requested records. R. 420. Additionally, at the hearing, Plaintiff's counsel expressly stated he did not think the records were necessary for resolution of the case. R. 37. Therefore, Plaintiff did not provide the ALJ with a sufficient justification to subpoena the requested documents. Accordingly, the ALJ did not abuse his discretion by not issuing a subpoena.

Even if Plaintiff had provided the necessary information to ALJ Martin for Martin to issue a subpoena, Plaintiff has not shown remand is warranted because she has not demonstrated any unfairness or prejudice. Plaintiff argues she was prejudiced by the ALJ's error because the additional medical records show Plaintiff suffered from a pulmonary embolus that left her comatose for almost a week prior to an evaluation on September 14, 2021. Doc. 9 at 7. Plaintiff's claimed error concerns Summit medical records related to Plaintiff's pulmonary health, which reflect two visits in September and November 2021 with Dr. Goldberg. R. 72–78. Plaintiff argues the ALJ could have found an "extreme limitation" instead of a "marked limitation" or two separate "marked limitations" if the ALJ had the additional medical records, and such extreme-limitation findings would have resulted in the ALJ finding Plaintiff disabled. Doc. 9 at 7–8.

Plaintiff fails to show any evidentiary gap resulting in unfairness or clear prejudice. See Salazar, 372 F. App'x at 67 (noting the reviewing court should consider "whether the record reveals evidentiary gaps which result in unfairness or clear prejudice"). Plaintiff's counsel expressly stated at the hearing the medical records from Summit Cancer Care were not necessary for the case. Plaintiff's counsel stated he had "enough" to proceed. Plaintiff's counsel had an opportunity to identify any evidentiary gap at the hearing but failed to do so. In the current briefing, Plaintiff still fails to explain how the Summit records would have changed the ALJ's analysis. Plaintiff only speculates about the significance and impact of the records.

First, Plaintiff has not shown any discernible evidentiary gap. The ALJ based his decision on a range of medical records, function reports, and disability reports at length. R. 17–25. The ALJ provided a detailed review of medical records going back to December 2017. R. 19. The ALJ also considered medical records from a neurologist in 2019 and records related to Plaintiff's cardiac and vision health. R. 20–21. The ALJ described a thorough review of Plaintiff's cardiological and pulmonary function. R. 22. The records the ALJ cited included records from Dr. Goldberg—the same provider listed on the additional medical records from Summit Cancer Care—for evaluation and treatment of a clotting disorder. R. 20–21. The Summit records at issue were for only two doctor's office visits that occurred between September 2021 to November 2021. Doc. 9 at 6. Thus, Plaintiff has not shown any discernible evidentiary gap.

Second, even if the absence of the two Summit Cancer Care records constituted an evidentiary gap, Plaintiff has not demonstrated any unfairness or clear prejudice arising from that gap. Plaintiff merely speculates about the potential value of those records. Plaintiff states the Summit Cancer Care records "would evidence that [Plaintiff's] conditions have been ongoing

since the alleged onset date of her disability." Doc. 9 at 6.  But nothing in the ALJ's decision

suggests Plaintiff's conditions have not persisted since the onset date of her disability.  The ALJ,

instead, concluded Plaintiff's statements about the intensity, persistence, and limiting effects

were not consistent with other evidence in the record.  Plaintiff also contends the records show

Plaintiff suffered from a pulmonary embolus and became comatose for a week some time in

2021, and "it is hard to imagine a symptom more severe . . . ." [2]  Id. at 7.  Plaintiff's arguments

are purely speculative.  Indeed, the Summit Cancer Care records state Plaintiff was "feeling

okay," and she was "ambulatory and able to carry out light or sedentary work."  R. 74.  Plaintiff

fails to point to anything in the records that suggests Plaintiff was having any persistent

complications from the prior incident.  Thus, Plaintiff fails to show, much less explain, how the

Summit Cancer Care records would have caused the ALJ to reach a different conclusion on his

functional limitation analysis or overall disability determination.  Consequently, Plaintiff has

failed to demonstrate any prejudice or unfairness.

Plaintiff argues the decision from Rease v. Barnhart, 422 F. Supp. 2d 1334 (N.D. Ga.

2006), supports remanding the case.  Plaintiff's reliance on Rease is misplaced, as that case dealt

with a very different set of circumstances.  In Rease, the court considered an ALJ's failure to

subpoena records after the pro se claimant made an express request for a subpoena, the ALJ's

failure to provide all of the claimant's medical records to the ALJ's experts, and the ALJ's

failure to grant the claimant's request for a supplemental hearing or advise the claimant of the

---

[2]     Notably, the ALJ relied on a 2019 medical record from Dr. Goldberg where Dr. Goldberg
considered an almost identical incident (i.e., pulmonary embolus and a subsequent coma) from 2018.  See
R. 21–22 (citing to R. 1063 (noting Plaintiff "had an episode in November 2018, she became obtunded at
home, was comatose and was hospitalized, did not wake up for at least a week")).  Thus, the ALJ
considered records from the same provider, describing an almost identical incident, when reaching his
conclusions.  Plaintiff offers nothing that would suggest a record of a second, similar incident in 2021
would have changed the ALJ's analysis or conclusion.

ability to question experts by written questions in lieu of a supplemental record.  The court

determined, among other things, the records the claimant asked the ALJ to subpoena were

necessary for the ALJ's analysis.  Therefore, the court concluded the ALJ failed to develop the

record and remanded the case.

The circumstances now before this Court are very different.  Plaintiff did not ask the ALJ

to subpoena records from Summit Cancer Care.  To the contrary, Plaintiff expressly told the ALJ

the records were not needed for resolution of the matter.  At no point did Plaintiff request a

supplemental hearing.  And, perhaps most important, Plaintiff has not shown the Summit Cancer

Care records were necessary for the Court to resolve the matter.  At most, Plaintiff speculates the

Summit Cancer Care records might have been helpful to Plaintiff's case.  ALJ Martin conducted

a detailed review of Plaintiff's medical history covering records from multiple providers between

December 2017 to October 2021.  There is no indication the medical records from two additional

office visits at Summit Cancer Care were necessary when the ALJ reviewed almost four years of

medical history to inform his decision.  Thus, Rease is factually distinguishable and does not

support remand here.

Plaintiff has failed to show the ALJ properly performed his duty of developing a full

record and substantial evidence supports his findings and conclusion.  Plaintiff merely speculates

additional records would have been helpful to her case.  Speculation is not enough to show

unfairness or prejudice.  Therefore, remand is not warranted on this issue.

**V.     The Failure to Admit and Consider Plaintiff's Evidence Was Not Erroneous**

     **A.     At the Commissioner's Level**

Plaintiff argues the Commissioner failed to follow Social Security Administration

Regulations regarding the submission of evidence and this decision is a reversible error.  Doc. 9

at 8.  This argument concerns the same Summit Cancer Care records discussed in the previous Section.  The Commissioner responds both the ALJ and Appeals Council properly followed the Regulations in evaluating Plaintiff's claim.  Doc. 10 at 11–13.

Plaintiff argues the ALJ must accept evidence submitted after the deadline if certain conditions are met under 20 C.F.R. § 404.935(b) and she met those conditions.  Plaintiff states she informed the ALJ of the missing medical records from Summit Cancer Care on October 1, 2021, and was active and diligent in attempting to obtain the evidence.  Doc. 9 at 10.  According to Plaintiff, the ALJ stated he admitted all additional evidence in his denial of benefits even though he knew certain Summit Cancer Care records were missing.  Id.

Plaintiff is incorrect.  Plaintiff's counsel informed the ALJ he would resolve the missing records through testimony and the records were not necessary for the case.  R. 36–37.  Only after Plaintiff's counsel's statement did the ALJ declare, "So for the sake of the hearing, I'll assume the record is complete then."  Id.  Plaintiff did not challenge that assumption or raise the issue again.  Plaintiff has not shown she made any attempts after the hearing to submit these additional medical records to the ALJ.  The ALJ is unable to admit evidence into the record if it is never presented to him.

Additionally, § 404.935(b) states, "[T]he administrative law judge will accept the evidence if he or she has not yet issued a decision and you did not inform us about the evidence before the deadline . . . ."  According to Plaintiff, the ALJ had already issued his decision before Plaintiff received the missing medical records.  Doc. 9 at 10.  The ALJ was not required to accept the evidence in this instance as it was not presented to the ALJ before issuing his decision.  Therefore, the ALJ complied with all Regulations.

**B.      At the Appeals Council Level**

Plaintiff also argues the Appeals Council violated the Social Security Administration's Regulations.  Id.  Plaintiff states the Appeals Council must consider new evidence if one of the 20 C.F.R. § 404.935(b) conditions are met, but the Appeals Council declined to exhibit the newly submitted Summit Cancer Care in its denial of review.  Id. at 10–11.  The Commissioner argues the Appeals Council followed all Regulations.  Doc. 10 at 11.

Under the applicable Regulation, the Appeals Council will review a case at a party's request if "the Appeals Council receives additional evidence that is new, material, and relates to the period on or before the date of the hearing decision, and there is a reasonable probability that the additional evidence would change the outcome of the decision."  20 C.F.R. § 404.970(a)(5).  Under 20 C.F.R. § 404.970(b), the Appeals Council will only consider additional evidence under paragraph (a)(5) if Plaintiff is able to show good cause for not informing the Commissioner about the evidence or for not submitting the evidence.  The conditions for showing good cause are identical to the conditions for showing good cause to consider additional evidence under 20 C.F.R. § 404.935(b).

Plaintiff addresses good cause but fails to satisfy the other requirements for reviewing additional evidence.  Plaintiff only addresses the conditions in 20 C.F.R. § 404.935(b).  Plaintiff states she made two separate efforts to obtain medical records from Summit Cancer Care and made efforts for the ALJ to subpoena the records.  Doc. 9 at 10.  Plaintiff argues these actions show she was active and diligent, satisfying the good cause requirement under § 404.935(b)(iv) and § 404.970(b)(iv).

Even assuming Plaintiff has shown good cause, under § 404.970(a)(5), Plaintiff still must show the evidence is "new, material, relates to the period on or before the date of the hearing

decision, and there is a reasonable probability that the additional evidence would change the outcome of the decision."  Plaintiff argues as long as the unconsidered evidence provides "some support for Plaintiff's assertions of disability" then this alone shows there is a reasonable probability the outcome would have been different.  Doc. 9 at 7.  This is not the correct standard.

Plaintiff must show the additional evidence undermined the substantial evidence supporting the ALJ's decision.  The additional medical records contained little, if any, new information.  The Summit Cancer Care records contained the same clinical findings evidenced in records already submitted to the ALJ, as previously discussed.  The records were largely cumulative of evidence already considered by the ALJ, including Plaintiff's cardiological and pulmonary treatments.  R. 22.  Plaintiff has not demonstrated how the additional medical records would have any effect on the ALJ's decision or there is a reasonably probability that it would change the outcome of the decision.  Plaintiff did not satisfy her burden, and the Appeals Council was not required to exhibit this evidence and review Plaintiff's case.

**CONCLUSION**

Based on the foregoing, I **RECOMMEND** the Court **AFFIRM** the ALJ's decision.  I also **RECOMMEND** the Court **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal.

Any objections to this Report and Recommendation shall be filed within 14 days of today's date.  Objections shall be specific and in writing.  Any objection that the Magistrate Judge failed to address a contention raised in the Complaint must be included.  Failure to file timely, written objections will bar any later challenge or review of the Magistrate Judge's factual findings and legal conclusions.  28 U.S.C. § 636(b)(1)(C); Harrigan v. Metro Dade Police Dep't Station #4, 977 F.3d 1185, 1192–93 (11th Cir. 2020).  To be clear, a party waives all rights to

challenge the Magistrate Judge's factual findings and legal conclusions on appeal by failing to file timely, written objections.  Harrigan, 977 F.3d at 1192–93; 11th Cir. R. 3-1.  A copy of the objections must be served upon all other parties to the action.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge.  Objections not meeting the specificity requirement set out above will not be considered by a District Judge.  A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit.  Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

**SO REPORTED and RECOMMENDED**, this 4th day of March, 2024.

BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA